[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Rambling Associates, brought suit against the defendants, Angelo S. Carpino, Catherine C. Carpino (hereinafter "the Carpinos"), Pioneer Credit Corporation, the Connecticut Housing Finance Authority hereinafter CHFA), and the Town of Vernon pursuant to C.G.S. Sec. 47-31. The plaintiff seeks a declaratory judgment determining its right to use that portion of Brent Drive which abuts Lots Nos. 182 and 183 as shown on a map entitled "Revised Map of SCOTT ACRES Section No. 3 and SCOTT ACRES Section No. 4 Vernon Conn. Scale 1"=50' Dec. 29, 1956. Hayden L. Griswold C.E. Degree of Accuracy A-2 Substantially Correct." Plaintiff asserts it has the right to use all of Brent Drive as shown on said map, including the subject portion, based upon: (a) a deeded easement from Jacques D. Bambling and Barbara Bambling and (b) based upon the road's having been statutorily dedicated and accepted by the Town of Vernon as a public highway on January 16, 1957.
The Carpinos have title to the disputed portion of Brent Drive. Same was conveyed to them by quit claim deed. The Carpinos also own Lots Nos. 183 and 184. Title to the lots was conveyed by warranty deed. The Carpinos' driveway and lateral sanitary sewer connection were built through the disputed section of Brent Drive with the approval of the Town. The disputed portion of Brent Drive was never paved by CT Page 4711 either the developer of the tract or the Town and the only pavement appearing on it is the Carpinos' driveway. The plaintiff's land lies to the east of the Carpinos' property.
In 1957, Stephen and Estelle Rose owned a large tract of land in Vernon, Connecticut, which included the two adjoining tracts now owned by the plaintiff and, in part, by the Carpinos. In March, 1957, the Roses conveyed to defendant, Carpinos', predecessor in title one of the adjoining tracts (servient tract) and retained the other (dominant tract). The warranty deed to this transaction, from Rose to Box Mountain Homes refers to the Map of Scott Acres and passes title to Lots 134 through 184 inclusive, a "RESERVED" parcel and the roads shown on the map including Scott Drive, Cross Drive, Edward Drive, Brent Drive, Hemlock Drive, and Vine Drive. When the Roses deeded title to those roads to Box Mountain, they specifically reserved the right for themselves, their heirs and assigns to use them to access the property which they had not deeded out. "The Grantors herein reserve to themselves, their heirs and assigns the right to use all of the highways as shown on said map, for the purpose of providing access to other land of the Grantors herein situated to the east of and adjacent to the premises described here in."
On January 20, 1970, the Roses deeded title to the dominant tract by Warranty Deed to Jacques and Barbara Bambling. The deed recites that, for consideration paid, the Bamblings received title to the dominant tract "[t]ogether with a right of way to use all highways shown on a map entitled "Revised map of SCOTT ACRES Section No. 3 and SCOTT ACRES Section No. 4 Vernon Conn. Scale 1" = 50' Dec. 29, 1956 Hayden L. Griswold C.E. Degree of Accuracy A-2 Substantially Correct." In 1987, the plaintiff bought that property from the Bamblings and received title by Warranty Deed "[t]ogether with a right of way to use all highways shown on a map entitled "Revised map of SCOTT ACRES Section No. 3 and SCOTT ACRES Section No. 4 Vernon Conn. Scale 1"=50' Dec. 29, 1956 Hayden L. Griswold C.E. Degree of Accuracy A-2 Substantially Correct."
The Carpinos are the current title holders to a portion of Brent Drive. Their chain of title to the subject piece can be traced back to the deed where the reserved easement was originally created by the Roses when they deeded out the Scott Acres property to Box Mountain Homes. Title to that subject portion of Brent Drive was then passed by Quitclaim Deed until it came to rest in the Carpinos.
Examination of the Carpinos' two chains of title reveals CT Page 4712 that throughout the chain to Lots 183 and 184, the northerly border of Lot 183 is alternatively described as being bounded by "Brent Drive one hundred fifty (150) feet" and by "a right-of-way, 150 feet." The terms "Drive" and "right-of-way" denote that this piece of property is not unencumbered. With regard to the subject portion of Brent Drive, it is consistently described as "that portion of Brent Drive which abuts Lot No. 182 and Lot No. 183. . ."
CHFA, the mortgagee of Carpinos' property, asserts that the plaintiff's claim is barred by laches and that Brent Drive's status as a public road was abandoned. The Carpinos claim: 1) they own by deed the disputed portion of Brent Drive; 2) they own same by prescriptive right; 3) that same was abandoned by the Town of Vernon; 4) that plaintiff's predecessor in title lacked title to Brent Drive; and 5) that plaintiff's predecessors in title once may have had rights to Brent Drive, but they abandoned them by failing to exercise them at the time of a tax sale in 1977. The Carpinos have filed also a counterclaim alleging title to Brent Drive by deed, adverse possession and by virtue of abandonment by the Town of Vernon. The Town does not contest plaintiff's claims. Pioneer Credit has been defaulted.
The better evidence discloses that Brent Drive was accepted as a public road by the Town of Vernon in 1957. There was no evidence whatsoever that the Town discontinued acceptance in the manner set forth in 13a-49 of the Statutes.[1] Once a street has been accepted by a municipality, "no further action on the part of the general public is required to constitute the street a public highway." DiCioccio v. Wethersfield, 146 Conn. 474, 481
(1959). The actions of the Town when it approved the location of Carpinos' driveway and their lateral sewer line did not amount to either termination of acceptance of Brent
Drive or abandonment.
The Carpinos claim that the plaintiff, by way of non-use by its predecessors in title, abandoned its rights to the easement. The law does not support their argument. "[A] person who acquires title by deed to an easement appurtenant to land, . . . [need not] make use of it [the easement] to maintain his title. . . . Hence his title is not affected by nonuser, and unless there is shown against him . . . loss of title in some of the ways recognized by law, he may rely on the existence of his property with full assurance that when occasion arises for its use and enjoyment he will find his rights therein absolute and unimpaired." Toms v. Settipane,30 Conn. Sup. 374 (1973); citing American Brass Co. vs. CT Page 4713 Serra, 104 Conn. 139, 145 (1926). The fact that neither the plaintiff nor its predecessors in title have used the easement on a consistent basis to access its land does not, by itself, constitute an abandonment of the easement. "Mere nonuser of an easement created by deed, however long continued, is insufficient to establish abandonment. There must also be some conduct on the part of the owner of the servient estate adverse to and inconsistent with the existence of the easement and continuing for the statutory period, or the nonuser must be accompanied by unequivocal and decisive acts clearly indicating an intent on the part of the owner of the easement to abandon the use of it." Byard v. Hoelscher, 112 Conn. 5, 16 (1930). Whatever significance the defendants attached to the 1977 tax sale was not pursued either at trial or in post-trial briefs and the court will not consider it.
The claim that the Carpinos own outright and unencumbered the disputed portion of Brent Drive by way of adverse possession has not been proven. Accepting as fact that the Carpinos cut some trees, constructed a driveway and ran a lateral sewer line under the surface of Brent Drive, those acts do not rise to the level of interfering with or obstructing the plaintiff's ability to travel or otherwise exercise its easement. No act of the Carpinos ousted or excluded the plaintiff. See Francis v. Hollaver, 1 Conn. App. 693,696 (1984).
Carpinos' claim that the plaintiff's reservation of an easement was lost by prescription does not stand up under scrutiny either. The tree cutting, driveway and lateral sewer line construction do not constitute "open hostile, visible, notorious, adverse, uninterrupted and [of a continuous nature, the adverse possessor] acting under a claim of right, . . . and effectively [prohibiting the use of the right of way] for the prescription period (15 years) before institution of suit." See Russo v. Terek, 7 Conn. App. 252,255-256 (1986) and the cases cited therein.
Having found that the Town of Vernon accepted Brent Drive as a public street and having found that the Town did not discontinue acceptance either by non-use or in the manner required by statute, it follows that the plaintiff has a right to travel over the disputed portion of Brent Drive because it is a public highway. A "highway" is "any state or other public highway, road, street, avenue, alley, driveway, parkway, or place under the control of the state for any political subdivision thereof, dedicated appropriated or opened to public travel or other use." C.G.S. Sec. 14-1 (18). "[T]he essential feature of a highway is that it is a right CT Page 4714 of way over which the public at large has the right to pass and accordingly, the term highway is ordinarily used in contradistinction to a private way, over which only a limited number of persons have the right to pass." Wamphassuc Point Property Owners Association v. Public Utilities Commission, 154 Conn. 674, 680 (1967). Although the Carpinos have title to the land in question, it is subject to the public easement for travel. Peck v. Smith,1 Conn. 103, 132 (1814).
Accordingly, the Court, in accordance with Section 47-3
of the Connecticut General Statutes, determines that the subject portion of Brent Drive is a public highway upon which the plaintiff and all other members of the public have the right to travel. Costs are not taxed.
SCHEINBLUM, JUDGE