[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Based upon the allegations of a three count complaint, CT Page 5510 plaintiff claims the following relief:
"a. Declaratory judgment stating that:
(1) The division of the tract of land owned by the Defendant Alex Vigliotti into three lots for development purposes, without first obtaining required subdivision approval, was in violation of the Subdivision Regulations of the town of Branford and in violation of Section 8-25 of the Connecticut General Statutes, as amended.
(2) Defendant's Parcel 1 and Defendant's Parcel 2 have no access necessity.
(3) The rights of way over Plaintiff's Property appurtenant to Defendant's Parcels 4 and 3, have been abandoned.
(4) Said rights of way, even if still in existence, cannot be extended to Defendant's Parcel 2 or to Defendant's Parcel 1.
(5) Said rights of way, even if still in existence, do not include the right to place, maintain or repair utilities over, under or through Plaintiff's Property.
(6) The two family dwelling situated on Defendant's Parcels 2, 3 and 4 was constructed unlawfully and in violation of Branford Zoning Regulations.
(7) The contemplated use of Plaintiff's Property to service a two family dwelling constructed on Defendant's Parcels 2, 3 and 4 in violation of the Branford Zoning Regulations, constitutes a continuing nuisance and misuser of Defendant's Property.
b. An order requiring that the building permits issued to the Defendant Alex Vigliotti be revoked.
c. A permanent injunction preventing the Defendant Alex Vigliotti, from utilizing Plaintiff's Property for access to Defendant's Parcels 1, 2, 3 and 4 and from utilizing Plaintiff's Property to provide utilities thereto.
d. An order requiring the Defendant Alex Vigliotti to regrade Defendant's Parcel 1, or otherwise permanently relieve the excessive discharge of surface water onto Plaintiff's Property.
e. Damages.
f. Such other relief as the Court determines to be proper."
Defendants are Alex Vigliotti, Vigliotti Construction Co., CT Page 5511 Inc. a Connecticut corporation, Town of Branford, Justine Gillen, acting Zoning Enforcement Officer of the town, Peter Zack, Building Official of the town, Branford Planning and Zoning Commission (P Z), Ronald Jones, Town Clerk, Branford Savings Bank and June Brusseau, John N. Gwinnell and Frances Gwinnell each of whom has an interest in the subject matter of the complaint.
Upon the evidence, as to claims for relief in paragraph a.(1) through (4) inclusive and a.(6) and (7) this court finds that plaintiff has an interest by reason of uncertainty as to his rights, that there is a substantial uncertainty of legal relations which requires settlement between the parties; and that all persons having an interest is the subject matter of the complaint are parties to the action or have reasonable notice thereof. However, with respect to the claim for relief under paragraph a.(5) the court finds that there is no actual bona fide and substantial question or issue in dispute.
On June 16, 1978, plaintiff acquired title to property known as 26 East Main Street, Branford; he uses said property for his residence and place of business. A portion of said property, which is the servient estate and subject of this litigation, is described as follows:
"SECOND PIECE: Over which William Edwards et ux have right of way; over which George Edwards has right of way; over which Dominic Lepric has right of way bounded:
NORTHWESTERLY: by Chestnut Street, 26 feet, more or less;
NORTHEASTERLY: by land now or formerly of K. Aniskewich et ux, 155 feet, more or less;
NORTHEASTERLY AGAIN: by land now or formerly of George Edwards, 11 feet, more or less;
SOUTHEASTERLY: by land now or formerly of William Edwards et ux, being parcel number 3 hereinafter described, 28 feet, more or less;
SOUTHWESTERLY: by land now or formerly of the heirs of Richard Hansen, 148 feet, more or less."
On October 6, 1986, Vigliotti acquired title to Parcels 1, 2, 3 and 4 which are contiguous; each parcel is separately described in one deed. Parcels 2 and 3 are described in said deed to include the following right of way.
"Together with a right of way across land now or formerly of Frank E. Beach on the northerly side of said property; and also CT Page 5512 across a strip of land 10 feet wide located northerly of land now or formerly of Frank E. Beach and thence through a 26 1/2 foot right of way located westerly of land now or formerly of Kazimir and Clara Aniskevich to Chestnut Street."
Also Parcel 4 is described in said deed to include the following right of way:
"Together with a right of way across land now or formerly of Frank E. Beach on the northerly side of same, also across a strip of land ten feet wide, located northerly of land now or formerly of Frank E. Beach, and shown on said above referred to map, and thence through a 26 1/2 foot right of way located westerly of land now or formerly of Kazimir and Clara Aniskevich, to Chestnut Street. Being the same piece or parcel of land conveyed by warranty deed from Gustave A.R. Hamre dated November 30, 1936 and recorded in Volume 98 on Page 267 of said Branford Land Records."
Each of said four parcels has been separately described in recorded deeds prior to the first adoption of subdivision regulations on February 2, 1954 and zoning regulations on December 3, 1956.
Vigliotti divided Parcel 1 into two building lots; and he constructed a two family house on one of those lots, i.e. 51 Chestnut Street and he remodeled an existing structure on the other of those lots into a two family house, i.e. 45 Chestnut Street.
Vigliotti combined Parcels 2, 3 and 4 into one lot and he constructed a two family house on said lot, which is a interior lot known as 51 1/2 Chestnut Street. As shown in a map filed on August 16, 1988, the boundary line between said interior lot and Parcel 1 was relocated by the addition to said interior lot of a 20' wide structure taken from the rear portion of Parcel 1.
Vigliotti claims access to 51 1/2 Chestnut Street, i.e. Parcels 2, 3 and 4 over the subject property.
Contrary to the claims of plaintiff, the servient estate, is subject to a right of way appurtenant to Parcels 2, 3 and 4.
John Hamre (Hamre) plaintiffs predecessor in title to the servient estate, also held title to Parcels 2, 3 and 4, among other parcels.
In 1936, Hamre conveyed, by separate deeds, title to Parcels 2 and 4. In September of 1947, Hamre conveyed title to Parcel 3 to George Edwards (Edwards); at that time Edwards held title to Parcels 2 and 4. Hamre caused a map to be prepared and filed in CT Page 5513 August of 1947 to explain, in pertinent part, his intention as to those parcels which then had, and which parcels would have, an appurtenant right of way over said servient estate. Clearly said conveyances, and said map, evidence Hamre's expressed intent that Parcels 2 and 4, then owned by Edwards, and Parcel 3, which was going to be, and was, conveyed by Hamre to Edwards, each had an appurtenant right of way over said servient estate.
On October 7, 1968, Edwards conveyed to Vigliotti's immediate predecessor in title Parcels 2 and 3, in one deed, with an appurtenant right of way over said servient estate; and at the same time, but in a separate deed Edwards conveyed to the same grantee Parcel 4 with an appurtenant right of way over said servient estate. This manner of conveying evidences the fact that Parcels 2, 3 and 4 each have such an appurtenant right of way.
Prior to the date of plaintiff's acquisition of the servient estate, said map and deeds were properly recorded in the land records. Peckheiser v. Tarone, 186 Conn. 53, 57.
Vigliotti did not abandon the right of way appurtenant to Parcels 2, 3 and 4. There is no evidence "showing an intent to abandon permanently the use of the servient tracts." American Brass Co. v. Serra, 104 Conn. 139, 145-146; Tom V. Settipane,30 Conn. Sup. 374, 377.
Plaintiff claims that, "in creating three lots for development purposes without prior approval of the Branford Planning and Zoning Commission" Vigliotti "created an illegal subdivision." This claim is rejected.
Vigliotti acquired Parcels 1, 2, 3 and 4 to develop condominium units. However, P Z denied Vigliotti's application to so develop the parcels. Thereafter, Vigliotti developed the parcels as three lots, as herein described. Certainly, Vigliotti's filing an application to consolidate Parcels 1, 2, 3 and 4 for condominium development did not render these parcels to be one tract, without more; rejection of said application did not render these parcels to be one tract, without more. At no time did Vigliotti intend to merge said parcels into one tract if the application was rejected; and said parcels did not merge as a matter of law. Molic v. ZBA, 18 Conn. App. 159, 164. Therefore, after rejection of said application, division of Parcel 1 into two lots and consolidation of Parcels 2, 3 and 4 into one lot does not constitute a subdivision of "a tract or parcel of land into three or more parts or lots" within the meaning of 8-18 of the General Statutes.
Plaintiff claims that construction of a "two family home . . . on an interior lot is a violation of applicable zoning CT Page 5514 regulations." This claim is rejected.
Within the meaning of the Town's zoning regulations 51 1/2 Chestnut Street is a nonconforming building lot.
Section 5.11 of said regulations provides:
"Lots: A parcel of land, which fails to meet the area, shape or frontage or any other applicable requirements of these Regulations pertaining to lots, may be used as a lot, and a building or other structure may be constructed, reconstructed, enlarged, extended, moved or structurally altered thereon, provided that all of the following requirements are met:
 5.11.1 The use, building or other structure shall conform to all other requirements of these Regulations;
 5.11.2 If used for a dwelling, the lot shall contain a minimum area of 4,000 square feet; and
 5.11.3 If the parcel fails to meet the area requirements of these Regulations, the owner of the parcel shall not also be the owner of contiguous land which in combination with such parcel that fails to conform would make a parcel that conforms or more nearly conforms to the area requirements of these Regulations pertaining to lots."
The use and building conform to the regulations. Said lot is 1/2 acre and it is located in an R-1 zone in which a two family dwelling is permitted as a matter of right. 24, Schedule A-2, Zoning Regulations.
Branford issued, for 51 1/2 Chestnut Street, a Certificate of Zoning Compliance on January 6, 1988, a Building Permit on February 8, 1988, and a Certificate of Occupancy on July 20, 1989.
Sewer and water lines servicing 51 1/2 Chestnut Street have been constructed between 51 Chestnut Street and 45 Chestnut Street.
Pursuant to 5.11, the lot is exempted from the requirements of 25.2 as to lot area, shape and frontage. Petruzzi v. ZBA,176 Conn. 479, 483.
Each of the requirements of 5.11, 5.11.1, and 5.11.2 is met; and 5.11.3 is not relevant in this case. CT Page 5515
Plaintiff alleges that vehicular use of the servient estate as access to and exit from the two family dwelling at 51 1/2 Chestnut Street is "beyond the scope of any access originally granted to . . . Parcels 2, 3 and 4 both as to the extent and purpose of such access" and that such use constitutes an "overburdening and misuser . . . [of the servient estate]." There is no evidence to support these claims.
In determining the "character and extent of an easement created by deed we must look to the language of the deed, the situation of the property and the surrounding circumstances in order to ascertain the intention of the parties. . . ." Mackin v. Mackin, 186 Conn. 185, 189. In this case the right of way is created by deed in "general terms and without any restrictions on its use. Such a grant is to be construed as broad enough to permit any use which is reasonably connected with the reasonable use of the land to which it is appurtenant. . . ." Birdsey v. Kosienski, 140 Conn. 403, 412-413; Center Drive — In Theatre, Inc. v. Derby, 166 Conn. 460, 465; Kuras v. Kope, 205 Conn. 332, 341-345; Hagist v. Washburn, 16 Conn. App. 83, 86-87.
Determination of the character and extent of the easement in this case is made within the confines of the pleadings and the facts relevant to those pleadings.
Vehicular and pedestrian use of the servient estate for ingress and egress to and from 51 1/2 Chestnut Street is reasonable. Use of 51 1/2 Chestnut Street for a two family dwelling is lawful; clearly the language creating the right of way contemplates use of the servient estate as an access way; and increase in use of the servient estate as a result of development of the dominant estate was contemplated.
There is no evidence that Vigliotti intends to place, maintain or repair utilities over, under or through plaintiff's property.
Plaintiff has failed to prove by a fair preponderance of the evidence any irreparable harm and he has failed to prove the existence of any nuisance.
Accordingly, all claims for relief are denied and judgment is hereby rendered for defendants on each count, i.e. First Count, Second Count, Third Count; there is no need to address issues raised by special defense.
Ronald J. Fracasse, Judge. CT Page 5516