SAMSON W. GEORGE, as Trustee under the Will of PHILIP R. GEORGE, Deceased, Respondent, *v.* VILLAGE OF CHESTER, Appellant.

**Riparian rights — injunction restraining enforcement of regulations intended to preserve purity of a municipal water supply — when injunction should be modified.**

Where a village corporation undertook to make a small body of water a part of its municipal water supply and thereafter threatened to enforce, without compensation, regulations which would prohibit the exercise of riparian rights by the adjacent landowners, including those which are reasonable, as well as some which constitute or might constitue a nuisance, the riparian owners are entitled to an injunction restraining the enforcement of the village regulations only in so far as they prohibit their reasonable use of the waters.

*George* v. *Village of Chester*, 137 App. Div. 889, modified.

(Argued May 19, 1911; decided June 13, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 11, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action, and the facts, so far as material, are stated in the opinion.

*A. H. F. Seeger* and *M. N. Kane* for appellant. The ordinances were a proper exercise of the state's police power. (*Sprague* v. *Dorr*, 185 Mass. 10; *People* v. *Timmerman*, 79 App. Div. 565; *Polinsky* v. *People*, 73 N. Y. 65; *People* v. *Lieberman*, 175 N. Y. 440.) Using these waters for bathing camps for 50 or 100 people was clearly unreasonable, and a use that plaintiff had no right to exercise as against defendant. (*Townsend* v. *Bell*, 167 N. Y. 462.)

*R. M. Cox* and *Abram F. Servin* for respondent. Whether the ordinances were an exercise of the state police power or not is immaterial. The state cannot by virtue of the police power take away property rights without compensation. The statute does not attempt to do so, but provides for compensation before taking the property. (*C., B. & Q. R. R. Co.* v. *Drainage Comrs.*, 200 U. S. 561.) Plaintiff's use of the property adjoining the lake was not unreasonable. (*Prentice* v. *Geiger*, 74 N. Y. 341.)

HISCOCK, J. The plaintiff as trustee is and for some time has been in possession and enjoyment of certain premises adjacent to and in part constituting the bed of a small body of water known as "Long Pond" or "Walton Lake." It is found that he and "his predecessors in title have from time immemorial freely exercised in and upon said lake, and particularly the part thereof over and adjacent to said premises and as an incident and appurtenance to the ownership thereof, the rights of swimming, bath-

ing, watering cattle, boating, fishing and all other rights which are capable of exercise by riparian owners;" also that the property in question "is and has for many years been of considerable value by reason of its attractiveness to persons desiring to spend the summer, or some part thereof, upon or near its shore," and that "plaintiff has for several years derived material income from said premises by reason of leasing or letting the same, or parts thereof, adjacent to said Walton Lake, for camping privileges upon said premises to parties during the summer season."

Several years since the appellant undertook to make this lake a part of its municipal water supply and thereafter in accordance with the statute the state commissioner of health prescribed a series of regulations concerning the use of the lake and land adjacent thereto calculated to preserve the purity of said water. Some of these regulations prohibited the exercise of those rights which are an ordinary incident to the ownership of riparian premises such as are in the possession of respondent, and others prohibited acts, some of which would necessarily create nuisances, and others of which might be found as a matter of fact to amount to such and be an unreasonable use of the premises. Thereafter, as found by the trial court, the appellant threatened and prepared to enforce these regulations and especially without condemnation or any other method or offer of compensation, to interfere with the enjoyment by respondent and his family and lessees of such reasonable and incidental rights as those of bathing, boating, fishing, swimming, watering cattle, etc., on and in the waters of the lake. Thereupon this action was brought to restrain such interference by appellant with respondent's rights. There is no finding and no request to find that respondent was making or intended to make any unreasonable use of his premises, and judgment was rendered restraining the appellant generally from enforcing "each and all" of the

regulations hereinbefore mentioned and also specifically from "interfering with the use by plaintiff and by his family, guests and lessees of the said lake and the waters thereof for bathing, boating, fishing, swimming, watering cattle, and such drainage therein from his farm and the buildings thereon as is natural and usual." The last provision of the judgment quoted would be right if it restrained interference with the enjoyment of the rights therein specifically mentioned while exercised in a reasonable degree, and I think from his opinion that it was the intention of the trial judge so to provide. The trouble with the judgment as actually made, however, is, that it does not limit its restraint of appellant to such a condition and degree of reasonable use and enjoyment in the cases of some of the rights mentioned, but restrains it unconditionally from interfering with the exercise by respondent, his family and guests of those rights even though they be pursued to an unreasonable extent. And further than this by its first provision the judgment restrains appellant from enforcing those regulations which prohibit acts which are or may be found to be nuisances, and, therefore, unlawful even when exercised by a riparian owner. For these reasons the judgment cannot be affirmed, but it should be modified by striking out the clause restraining the defendant "from enforcing each and all of the rules and regulations of the New York State Commissioner of Health for the protection of Walton Lake from contamination," and by providing that the restraint of appellant as in said judgment adjudged from interfering with the uses by plaintiff, his family, guests and lessees specifically mentioned in the judgment, continue so long as these are exercised reasonably, and as so modified the judgment should be affirmed, without costs.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment accordingly.