THE HARVEY REALTY COMPANY *vs.* BOROUGH OF
WALLINGFORD ET ALS.

*First Judicial District, Hartford, March Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

*Transferred from the Third Judicial District.

Argued March 6th—decided April 17th, 1930.

*Benjamin Slade* and *Louis Weinstein,* for the appellant (plaintiff).

*Oswin H. D. Fowler, John E. Downey* and *William B. Gumbart,* with whom, on the brief, was *Arthur L. Corbin, Jr.,* for the appellees (defendants).

HINMAN, J. The only correction of the finding which is pursued on appeal seeks the insertion of facts tending to show nonuser of the original pumping station for the actual taking of water between 1908 and 1924. The evidence as to this was conflicting, the trial court expressed belief in the testimony to the contrary which we must accept in view of this conflict, and

---

Sec. 2544. Every person who shall bathe in any reservoir from which the inhabitants of any town, city or borough are supplied with water, or in any lake, pond or stream tributary to such reservoir, or who shall cast any filthy or impure substance into such reservoir, shall be fined not more than one hundred dollars or imprisoned not more than six months or both. Prosecutions under this section may be had in the town in which said city or borough is.

even were the facts found as requested they would not work an abandonment of rights previously acquired. *Richardson* v. *Tumbridge,* 111 Conn. 90, 149 Atl. 241; *Schroeder* v. *Taylor,* 104 Conn. 596, 605, 134 Atl. 63.

All of the other reasons of appeal are directed to the conclusions reached by the trial court as above summarized, and we may confine our discussion to those which relate to and determine the principal issue on which the case was tried—the scope of the riparian rights of the plaintiff, with special reference to the extension to its grantees of nonriparian land and to invitees and the general public, of the privilege of bathing in Pine Lake. A riparian proprietor is an owner of land bounded by a watercourse or lake or through which a stream flows, and riparian rights can be claimed only by such an owner. They are appurtenant only to lands which touch on the watercourse or through which it flows and which are used as a whole for a common purpose, not to any lands physically separated from the stream and the land bordering on it, although belonging to the same owner. "This limitation . . . stands upon the necessity for a restraining rule in order to secure something for all, and upon the presumption that the brook will supply the absolute needs of as large an area of land as is usually held in riparian ownership. If land not riparian may draw to itself, equally with land riparian, water for man and beast thereon, because it is in the possession of a riparian owner, then land not riparian may take precedence of land riparian and deprive it of water for either man or beast." *Williams* v. *Wadsworth,* 51 Conn. 277, 304; *Kelly* v. *Nagle,* 150 Md. 125, 132 Atl. 587, 593; 40 Cyc. p. 558. It is clear that the grantees or contractees, from the plaintiff, of lots separated from and not bordering on Pine Lake can have, of their own right, no riparian privileges in its waters. And any attempted transfer of the right

made by a riparian to a nonriparian proprietor is invalid. 1 Tiffany on Real Property (2d Ed.) p. 1138; *Heilbron* v. *Fowler Switch Canal Co.*, 75 Cal. 426, 17 Pac. 535; *Gould* v. *Eaton*, 117 Cal. 539, 49 Pac. 577; *Roberts* v. *Martin*, 72 W. Va. 92, 77 S. E. 535.

Each riparian proprietor has an equal right to the use of the water to drink and for the ordinary uses of domestic life, although such use may in some degree lessen the volume or affect the purity of the water, and this right extends to such use "both by the owner himself and all living things in his legitimate employment." 27 R. C. L. p. 1086. The right includes use of water for drinking, culinary and other domestic purposes, and for watering of animals. *Williams* v. *Wadsworth, supra,* 304; *Wadsworth* v. *Tillotson,* 15 Conn. 366, 373. The right, being to use *"ad lavandum et potandum,"* logically includes ordinary and reasonable bathing privileges by the riparian owner, his family, and inmates and guests of his household, in the stream or pond as well as in waters drawn therefrom. The trial court states, and the record indicates, that this right of the plaintiff was not questioned or involved in the present action; the proposed extension of the privilege to the plaintiff's grantees of lots and to the general public was the subject of the defendants' objection and notice of intention to resist. The court held that this exceeded the bounds of the reasonable use to which the plaintiff was entitled; the appellant claims the contrary. The question of reasonable use is one of fact, although the conclusion reached upon subordinate facts may be reviewed on appeal. *Hazard Powder Co.* v. *Somersville Mfg. Co.,* 78 Conn. 171, 178, 61 Atl. 519.

Each riparian owner is limited to a reasonable use of the waters, with due regard to the rights and necessities of other such owners. It is the common right of all to have the stream preserved in its natural size, flow,

and purity, without material diversion or pollution. A riparian proprietor has no property in the water itself but a simple usufruct while it passes along. Though he may use the water while it runs over his land, as an incident to the land, he cannot unreasonably detain, divert or pollute it, unless he has a prior or special right to some exclusive or particular enjoyment. He must use and apply the water in a reasonable manner and so as not to destroy, or render useless, or materially diminish or affect the legitimate application or use thereof by other riparian proprietors. *Donnelly Brick Co., Inc.* v. *New Britain,* 106 Conn. 167, 137 Atl. 745, and cases cited at page 173; *Stamford Extract Mfg. Co.* v. *Stamford Rolling Mills Co.,* 101 Conn. 310, 320, 322, 125 Atl. 623; *Twiss* v. *Baldwin,* 9 Conn. 291, 306; *Wadsworth* v. *Tillotson,* 15 Conn. 366, 373; *Gillett* v. *Johnson,* 30 Conn. 180, 183.

Application of these rules readily demonstrates that the uses contemplated and threatened by the plaintiff clearly were extraordinary and unreasonable. The few cases in which the bathing rights of riparian owners have been directly determined confirm this conclusion. In *State* v. *Morse,* 84 Vt. 387, 393, 80 Atl. 189, it was held that if bathing in a pond from which a city takes its water supply contaminates or, in circumstances reasonably to be apprehended, may contaminate the water, such bathing, even by a lessee of a cottage and land abutting on the pond, is not a reasonable use of his riparian right. In *People* v. *Hulbert,* 131 Mich. 156, 91 N. W. 211, in which bathing by a riparian proprietor in a lake used as a water supply was held such an ordinary and reasonable use as to be within his riparian rights, the court added (p. 174): "In what we have said we do not mean to intimate that an upper proprietor may convert his property into a summer resort, and invite large numbers of people to his premises for purposes of

bathing, and give them the right possessed only by the riparian owner and his family." We do not construe *Battle Creek* v. *Goguac Resort Asso.*, 181 Mich. 241, 148 N. W. 441, as at variance with this expression, especially as to resorts established after the taking of waters for water supply purposes. *George* v. *Chester*, 111 N. Y. Supp. 722, 121 N. Y. Supp. 1131, affirmed, 202 N. Y. 398, 95 N. E. 767, merely confirms the right of a riparian proprietor to use the water for boating, bathing and fishing for himself, his guests, and lessees of camping privileges on land adjoining a lake so long as such use is reasonable. The principle that the use of rights of riparian proprietors must be reasonable—not immoderate or excessive, wanton or reckless, is further illustrated by *McEvoy* v. *Taylor*, 56 Wash. 357, 105 Pac. 851, 26 L. R. A. (N. S.) 222, and cases in note; *Strobel* v. *Kerr Salt Co.*, 164 N. Y. 303, 58 N. E. 142, 51 L. R. A. 687; *New York* v. *Blum*, 131 N. Y. Supp. 87 (raising ducks); and the many cases reviewed in *People* v. *Hulbert, supra.* The conclusions reached by the trial court as to this feature of the case were warranted in law and fact.

The appellee contends that the cause of action attempted to be pleaded and proved by the plaintiff sounds in slander of title and as such lacks necessary ingredients, including falsity of the publication and malice. 37 Corpus Juris, 131. It seems that any recovery of damages in this action as pleaded would have to be claimed upon that theory, and injunction as a remedy therein is of doubtful availability. *Warren Featherbone Co.* v. *Landauer*, 151 Fed. 130; 32 Corpus Juris, 273. However, we have chosen to consider and determine the issues as they appear to have been construed and tried by the parties, with a view to settling, to that extent, the points of controversy between them. *Osborn* v. *Norwalk*, 77 Conn. 663, 665, 60 Atl. 645.

The constitutional validity of § 2544 of the General Statutes was not questioned upon the trial, nor is it by the reasons of appeal, and we have no present occasion to determine or discuss it, further than to observe that unless and until it be attacked and overthrown, it is to be obeyed, and the defendants were within their rights in declaring an intention to invoke it.

Another means of protecting the water supply was also available to the defendants, under § 2540, and was resorted to under a counterclaim, the judgment as to which, on the ground that protection sufficient for present purposes was available under § 2544, is not appealed from. Proceedings under § 2540 might involve the assessment of damages against the borough. The giving of notice of intention to protect the supply by preventing the contemplated injury by promiscuous bathing was not only fair to the plaintiff and prospective purchasers but a proper means of minimizing damages. *Rockville Water & Aqueduct Co.* v. *Koelsch,* 90 Conn. 171, 178, 96 Atl. 947. The notices were appropriate, also, to a fulfillment of the duty resting upon the defendants to adopt such precautionary measures as are reasonably proper and necessary to protect the community served by the water supply from risk of infection. *Hayes* v. *Torrington Water Co.,* 88 Conn. 609, 612, 92 Atl. 406.

There is no error.

In this opinion the other judges concurred.