[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiffs, Raymond J. and Bernadette F. Balletti, reside upon and own property at 7 Riverside Street, Enfield, Connecticut. The boundary line of the property extends under and is covered by a pond to the extent of approximately 5,780 CT Page 2498 square feet.
The defendant, Margaret R. Pappas, also owns land which borders upon and is covered by the same pond. Margaret R. Pappas formed the Connecticut corporation of Shadmor, Inc., also a defendant in the present action, for the purpose of developing her land. The defendant was granted a permit to subdivide her land by the Enfield Planning and Zoning Commission some time in November of 1987. However, the plaintiffs appealed the granting of said permit and their appeal was sustained by Schaller, J. on September 26, 1989.
The plaintiffs commenced the present action on March 13, 1987 seeking relief in the form of injunction, money damages, declaratory judgment and any other form which the court deemed to be just and proper. Among the acts complained of in the plaintiffs' amended complaint, dated March 29, 1988, are that the defendant: caused water to be pumped from the pond; constructed pipes or culverts to direct surface waters into and from the pond; failed to properly restore the pond by not protecting against future erosion; changed the natural flow of water entering the pond; strung ropes across the pond from poles which the defendant installed on or near the plaintiffs' property line; and placed a "no trespassing" sign on the rope facing plaintiffs' property. The plaintiffs further allege, on information and belief that the defendant intends, in the future to: construct additional pipes or culverts which will direct surface waters into the pond; to utilize the pond as a detention basin in connection with the development of defendant's property; to otherwise alter the natural flow of water into the pond; to pump water from the pond for various purposes and to otherwise utilize the pond; all without plaintiffs' permission or authorization.
The motion pending before the court is the defendant, Pappas', motion to dismiss for lack of subject matter jurisdiction. Memoranda of law, in support of and in opposition to defendant's motion to dismiss, along with affidavits, were filed in a timely manner by the respective parties.
ISSUES
1. Is the plaintiffs' claim for injunctive relief which is aimed at protecting their rights as riparian owners rendered either moot or not pipe by virtue of the defendant no longer having a permit to subdivide her property?
There is some conflict in the case law as to whether or not the motion to dismiss is the proper vehicle for addressing CT Page 2499 the issue of mootness.
However, a majority of the case law indicates that the issue of mootness implicates jurisdiction. Therefore, a motion to dismiss is the proper vehicle for raising the issue of mootness and the court should address the merits of the plaintiffs' motion.
Further, the plaintiffs' claim is neither moot nor unripe.
2. Have the plaintiffs failed to state a claim upon which monetary damages may be granted either by the plaintiffs' failure to allege how they were monetarily damaged or by the plaintiffs' seeking equitable relief which was the prerequisite of there being no adequate remedy at law?
The motion to dismiss is not the proper vehicle or addressing the sufficiency of allegations to support a legal claim.
However, the court will address this issue in such context that the plaintiffs have sufficiently alleged a claim upon which monetary damages may be granted. Monetary damages and equitable relief are not mutually exclusive remedies.
3. Does the court lack subject matter jurisdiction over the plaintiffs' request or declaratory judgment due to the plaintiffs' failure to notify all interested parties as required by Connecticut Practice Book 390(d) and Conn. Gen. Stats. 52-29.
Due to the plaintiffs' pending motion for order of notice to all interested parties, and case law, which states that the situation at the time of hearing governs, the court cannot dismiss the plaintiffs' complaint on this basis.
"Ordinarily, a challenge to the courts jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697,702 (1989). This is generally done within the time frame provided in sections 112 and 113 of the Connecticut Practice Book. However, whenever a lack of subject matter jurisdiction is brought to the court's attention the court may dismiss the proceeding. Park City Hospital v. Commission on Hospitals 
Health Care, 210 Conn. at 702.
Mootness
The defendants argue that because they no longer possess CT Page 2500 a permit to subdivide their property the plaintiffs' request for an injunction is moot and the issues of future harm are not ripe.
There is some conflict in the case law as to whether or not a motion to dismiss is the proper vehicle for determining the question of mootness.[1] Due to the existence of a majority of case law which indicates that a motion to dismiss is the proper vehicle to raise this issue, the merits of the plaintiffs' claim will be discussed.
Moot questions are those questions which are "disconnected from the granting of actual relief or from a determination of which no practical relief can follow." Hartford Principals' Supervisors' Assn. v. Shedd, 202 Conn. 492,497 (1987). A question may become moot due to events which occur during the pendency of a claim. State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 181 (1987). The plaintiffs need only show that they may be afforded some form of practical belief in order to avoid the defendant's claim of mootness.
"A riparian proprietor is an owner of land bounded by a watercourse or lake or through which a stream flows, and riparian rights can be claimed only by such owner." Harvey Realty Co. v. Wallingford, 111 Conn. 352, 358 (1930). "Each riparian owner is limited to a reasonable use of the waters, with due regard to the rights and necessities of other such owners." Id. at 359. Such rights include among others, the use of the water for boating, bathing and fishing. Id. at 361. A riparian owner "must use and apply the water in a reasonable manner and so as not to destroy, or render useless, or materially diminish or affect the legitimate application or use thereof by other riparian proprietors." Id. at 360. "Whether a competing use is reasonable is a question of fact. That depends on the specific circumstances of each case." Lake Williams Beach Ass'n v. Gilman Bros. Co., 197 Conn. 134,140 (1985).
"Where . . . there has been a violation of a [riparian] right, the person injured is entitled to an action." Dimmock v. New London, 157 Conn. 9, 16 (1968). Injunctive relief is an available remedy for interference with a property right. Berin v. Olson, 185 Conn. 337 (1981).
In the present case both the plaintiffs and the defendants are riparian owners. As riparian owners each party possesses the right to use and enjoy the waters of the pond in a manner that is reasonable and does not interfere with, destroy, materially diminish or affect the rights of other CT Page 2501 riparian owners. Although the defendants no longer possess a permit to subdivide their land, there still exists a question as to whether or not the defendants have either in the past violated or are in the present violating the plaintiffs' riparian rights by virtue of the actions alleged in the complaint. Those actions include: failing to restore the pond and protect against erosion, changing the flow of surface water, and restricting the plaintiffs' access to the pond by means of rope and "no trespassing" signs which were strung between poles installed in the pond. Practical relief may follow from a determination of this question. Therefore, this question is not moot and the defendant's motion to dismiss on the ground of mootness is denied.
Ripeness
The ripeness doctrine is "the constitutional mandate of case or controversy, U.S. Const. Art. III, [which] requires an appellate court to consider whether a case has matured or ripened into a controversy worthy of adjudication before it will determine the same." Black's Law Dictionary, 1192 (5th ed. 1979). For a claim to be ripe there must be a "substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Lake Carriers' Assn. v. MacMullan,406 U.S. 498, 506, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1971).
Ripeness is equated with the justiciability of a claim. A justiciable claim is one which is "capable of resolution on the merits by judicial action." Pellegrino v. O'Neill,193 Conn. 670, 673 (1984).
 Justiciability requires: (1) that there be an actual controversy between or among the parties to the dispute . . .'; (2) that the interests of the parties be adverse . . .; (3) that the matter in controversy be capable of being adjudicated by judicial power . . .; and (4) that the determination of the controversy will result in practical relief to the complainant.
Id. at 674. Non-justiciability is a ground for a motion to dismiss. Id. at 673.
In the present case the parties have adverse legal interests constituting an actual controversy which may be judicially resolved. Further, the actions complained of are of a continuing nature and indeed exist at the present time. Therefore, the effect upon the interests of the parties is of sufficient immediacy to warrant the issuance of a declaratory CT Page 2502 judgment. Accordingly, the defendant's motion to dismiss upon the ground of ripeness is denied.
The defendant argues, in her notice to dismiss, that the plaintiffs have failed to state a claim upon which monetary damages may be granted. The proper vehicle to test the legal sufficiency of a pleading is a motion to strike, Ferryman v. Groton, 212 Conn. 138, 142 (1989); not a motion to dismiss which addresses jurisdiction. The defendant's opportunity to test the legal sufficiency of the plaintiffs' claim through the use of a motion to strike has passed and therefore been waived. Conn. Practice Book 112, 113 (rev'd to 1978, as updated to October 1, 1989). Therefore, the court need not address this second argument of the defendant's motion to dismiss.
Finally, the defendant argues that the plaintiffs' request for a declaratory judgment should be dismissed due to a lack of subject matter jurisdiction because the plaintiffs failed to notify all interested persons as required by section 390(d) of the Conn. Practice Book and section 52-29 of the Connecticut General Statutes.
Section 390(d) provides, in pertinent part, that "[t]he court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Conn. Practice Book 390(d) (rev'd to 1978, as updated to October 1, 1989). The failure by a plaintiff to comply with section 390(d) results in the court lacking subject matter jurisdiction to grant a declaratory judgment. Connecticut Ins. Guaranty Assn. v. Raymark Corporation, 215 Conn. 224 (1990). The purpose of this notice requirement is to give all persons whose rights might be affected by a court proceeding an opportunity to be heard. Id. at 229.
However, in determining whether or not a declaratory judgment may issue the court will look to the situation which exists at the time of trial and not the situation which existed at the time the action was begun. Edward Balf Co. v. East Granby, 152 Conn. 319, 323 (1965) (emphasis added). Where proper notice has not been given one of the plaintiff's possible alternatives is to obtain an order of notice to inform any interested parties of the pendency of the action. Connecticut Ins. Guaranty Assn. v. Raymark Corporation,215 Conn. at 230. It should be noted that the court in Connecticut Ins. Guaranty Assn. did not dismiss the plaintiff's claim for failure to comply with section 390(d) but instead remanded it for further proceedings. Id. Further, this court has stated that before rendering a judgment upon a claim which fails to CT Page 2503 comply with section 390(d) "the plaintiff should be first given the opportunity to give notice to [the] interested parties." American Savings Bank v. Nod Brook Mall Associates Limited Partnership, 16 Conn. Law Trib. No. 16, p. 24 (Super.Ct., February 15, 1990, Satter, J.).
The court has not yet rendered a judgment in the present case. Further, the plaintiffs have filed a motion for order of notice, dated October 31, 1990, which will notify all others whose rights might be affected by virtue of their owning land which borders upon the pond. Therefore, the court should allow the plaintiffs to notify the other interested parties. Finally, the defendant's motion to dismiss for failure to comply with section 390(d) is denied.
For the reasons stated above, the defendant's motion to dismiss is denied.
Joseph B. Clark, J.