[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have filed a motion to strike all three counts of the plaintiffs' revised complaint. The defendant, Bridgeport Hydraulic Company ("BHC"), owns property which abuts land of the plaintiffs. The plaintiffs contend that BHC, acting by its agent and employee, the defendant William Lyon, made a series of reports to the Connecticut Department of Environmental Protection ("DEP") between January, 1985 and June, 1991 that the package store on the plaintiffs' property was a continuing cause of petrol discharge onto the watershed property of BHC.
In the first count of the complaint, it is alleged that the DEP made an investigation and determined that BHC was incorrect on its claim that the plaintiffs' property was the cause of the petrol discharge. In paragraph nine it is claimed that the reports from BHC to the DEP were false and recklessly or intentionally made since the defendant knew or should have known that the statements were false. The plaintiffs claim that they incurred substantial expenses as a result of the false statements to the DEP. In paragraph eleven they contend that the title to their property has been clouded by the series of complaints to the DEP.
A motion to strike can be used to challenge the legal sufficiency of the allegations of any count in a complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. The motion to strike admits all facts well-pleaded but does not admit legal conclusions or the truth or accuracy of the opinions in the complaint. Mingachos v. CBS, Inc., 196 Conn. 91, 108. The allegations of the complaint are entitled to the same favorable construction a trier would be required to give in admitting evidence under them, and if the facts provable under its allegations support a cause of action, the motion to strike must fail. Id., 108, 109, Ferryman v. Groton, 212 Conn. 138, 142. In deciding a motion to strike, the court must proceed based on the facts alleged in the complaint and cannot consider additional facts not alleged therein. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348.
The defendant claims that the plaintiffs do not have a CT Page 11180 cause of action under both the first count, concerning statements made to the DEP, and the second count, concerning a letter submitted by BHC in opposition to a variance application of the plaintiffs, based on the right to petition the government. TheFirst Amendment to the United States Constitution allows the right "to petition the Government for a redress of grievances." There is a comparable provision in Article First, Section 14, of the Connecticut Constitution which provides that "citizens have a right, in a peaceable manner, to assemble for their common good, and to apply to those invested with the powers of government for redress of grievances, or other proper purposes, by petition, address or remonstrance." (Defendants have made no claim and have presented no cases which indicate that the Connecticut Constitution provides a higher degree of protection than the federal constitution on their petitioning clauses; therefore, the court will proceed as if they provide a similar level of protection.)
The defendants concede that there are two exceptions to the right to petition government: (1) defamatory, factual statements that are knowingly or recklessly false; and (2) when the petition is a "sham." The latter exception is not claimed by the plaintiffs and is not supported by the allegations in the complaint. In McDonald v. Smith, 472 U.S. 479, 105 S.Ct. 2787,86 L.Ed.2d 384 (1985), the United States Supreme Court held that the petition clause of the First Amendment does not give absolute immunity to defendants charged with expressing libelous and damaging false statements in petitions to government officials. Adhering to an 1845 decision in White v. Nicholls, 3 How. 266 (1845), it held that a petition was actionable if prompted by express malice, which is defined as "falsehood and the absence of probable cause." 472 U.S. at 484. "The right to petition is guaranteed; the right to commit libel with impunity is not." Id., 485.
The first count alleges that the statements made to the DEP were false and recklessly and intentionally made, and the defendant knew or should have known that they were false. This amounts to a claim of false statements made in the absence of probable cause. The plaintiff can recover general damages under Connecticut law for a defamatory statement made by a defendant with actual malice. Miles v. Perry, 11 Conn. App. 584, 605, 606; Moriarty v. Lippe, 162 Conn. 371, 377, 378.
The defendants argue that the first count of the complaint does not adequately plead a cause of action for slander CT Page 11181 since it does not specifically contain the specific facts which would show that the defendants knew their statements were false or that they made them recklessly, and it is not apparent if the right to petition exception applies. However, on a motion to strike, the court cannot determine facts. The complaint fails to state exactly what was said to the DEP, so it cannot be determined on the face of the complaint whether the statements were slanderous to the plaintiffs individually. Moreover, the defendants make the assumption that the first count is only for slander, presumably because paragraph 11 attempts to make a claim of slander of title. The first count can also be read as a claim of fraudulent misrepresentation resulting in expenses to the plaintiffs. Where two or more causes of action are combined in a single count and one of them is valid, a motion to strike cannot be granted. Rowe v. Godou, 209 Conn. 273, 279.
The first count does not properly plead a cause of action for slander of title. Slander of title is a tort whereby the title of land is disparaged by a letter, caveat, mortgage, lien or some other written instrument. Wright, Fitzgerald Ankerman, Connecticut Law of Torts, 167 (3rd Ed.), 1991. There is no allegation that the title to the plaintiff's property has been disparaged or affected by the communications between the defendants and the DEP. Slander of title also requires allegations of false statements made with malice towards the title of the property. Harvey Realty Co. v. Wallingford, 111 Conn. 352, 361. However, even if the slander of title claim is deficient, the first count does state another cause of action.
The second count of the complaint stems from an application made by the plaintiffs to the Monroe Zoning Board of Appeals in January, 1989, for a variance. As an abutting property owner, BHC was given notice of the application. It is alleged that BHC submitted a letter to the Zoning Board of Appeals ("ZBA") in opposition to the plaintiffs' variance application. The letter, which was read at the public hearing, is attached to the complaint and is properly considered in conjunction with the second count. Redmond v. Matthies, 149 Conn. 423, 426; Hossan v. Hudiakoff,178 Conn. 381, 382. In addition to stating concerns of BHC, it at least implies that BHC had past problems with the named plaintiff over pollution and that he prevented BHC from sampling and assessing pollution in a catch basin on his property. The second count also alleges that the statements in the letter to the Zoning Board of Appeals were recklessly and intentionally made, that the defendant knew or should have known that they were false, that as CT Page 11182 a result of the false statements, the plaintiffs' reputation in the community has been harmed, and that the defendants have refused to retract the false statements.
As with the first count, the allegations in the second count are sufficient to withstand a motion to strike. While the defendants had the right to oppose the plaintiffs' variance application to the ZBA, the right to petition a governmental agency would not protect them from a civil action if it is proven that the statements were made with knowledge that they were false and made with express malice. McDonald v. Smith, supra.
The defendants also rely upon the concept of absolute immunity for statements made in quasi-judicial proceedings. There is absolute privilege for statements made in judicial and quasi-judicial proceedings in Connecticut Kelley v. Bonney, 221 Conn. 549,565-66; Petyan v. Ellis, 200 Conn. 243, 245. "The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even it is published falsely and maliciously." Id., 246. The exemption for absolute immunity in performing judicial functions extends "to proceedings of many administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or quasi-judicial, in character." Kelley v. Bonney, supra, 566.
In determining whether a proceeding is quasi-judicial in nature, a number of factors should be considered, including whether the governmental entity in question has the power to: (1) exercise judgment and discretion; (2) hear and determine or to ascertain facts and decide; (3) making binding orders and judgments; affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on the hearing, and (6) enforce decisions or impose penalties. Id., 567. Another relevant factor is whether there is a sound, public policy reason for permitting complete freedom of expression, the basis for a grant of absolute immunity. Id., 567.
The defendants rely upon statements in several Connecticut cases that zoning boards of appeal act in a quasi-judicial capacity. Burr v. Rago, 120 Conn. 287, 292; Nielsen v. Zoning Board of Appeals, 152 Conn. 20, 123. See also Wadell v. Board of Zoning Appeals, 136 Conn. 1, 8-10. However, other cases state that the board is primarily an administrative agency. Florentine v. Darien, 142 Conn. 425, 425. Where the zoning board CT Page 11183 of appeals acts as an agency of the state in determining suitability of locations for licenses, it is generally considered as acting in an administrative capacity, Clark Heating Oils, Inc. v. Zoning Board of Appeals, 159 Conn. 234, 239; Executive Television Corp. v. Zoning Board of Appeals, 138 Conn. 452, 454; Perdue v. Zoning Board of Appeals, 118 Conn. 174, 178, although some cases state that it is an administrative agency acting in a quasi-judicial capacity. See Spesa v. Zoning Board of Appeals,141 Conn. 653, 656; Burr v. Rago, supra, 292. When reviewing a special permit (special exception), the zoning board of appeals acts in an administrative capacity. Farina v. Zoning Board of Appeals,157 Conn. 420, 422. When the board reviews a decision of the zoning enforcement officer, it acts administratively in a quasi-judicial capacity. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 514; Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620. When a zoning board of appeals grants a variance based on 8-6(3) of the General Statutes, it determines if granting the variance will affect the comprehensive zoning plan and whether adherence to the zoning ordinance will cause unusual hardship. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326. While an argument can be made that the board has a limited, administrative function in passing on variance applications, our Supreme Court has indicated that it acts in a quasi-judicial capacity. Wadell v. Board of Zoning Appeals, supra, 8; Nielson v. Zoning Board of Appeals, supra, 123. It has also recognized the rights associated with a quasi-judicial proceeding, such as the right to cross-examine witnesses, which may not exist before an agency performing only administrative functions. Wadell v. Board of Zoning Appeals, supra, 8, 9. As a result of these precedents, the contents of the letter to the ZBA on the variance application are privileged, and there is no cause of action because the statements in the letter were false.
The third count claims that BHC and its agents and employees trespassed upon the plaintiffs' property for the purpose of conducting tests and taking water samples beginning in January, 1988. Under Connecticut law, a water company has an affirmative duty to exercise reasonable care and diligence to protect the water supply from contamination. Hayes v. Torrington Water Co., 88 Conn. 609,612. In addition, section 25-51 of the General Statutes provides that: "A water company with a public water supply, by its officers or agents duly appointed, may, at all reasonable times, enter upon and inspect any premises within the watershed tributary to such water supply . . . ." and may proceed to abate any nuisance likely to pollute the water upon notice to the property owners. CT Page 11184 Trespass requires entry onto the property when the person is not licensed or privileged to go on it. See 53a-107, 53a-108, 53a-109, Connecticut General Statutes; State v. Garrison, 203 Conn. 466,473. Bridgeport Hydraulic and its employees had the right to enter the plaintiff's property as a result of 25-51 of the General Statutes. Justification is a complete defense to an action for trespass, Barnum v. Vandusen, 16 Conn. 200, 203, 204, and can be established by proof of right of entry. Hanson v. Carroll,133 Conn. 505, 508. In addition to an express statutory right, there is a common law concept that an entry to save property which is in danger of being lost or destroyed is justified, Id., 509, and in some cases entry is allowed without the owner's consent to abate a nuisance. The right of law enforcement authorities and others performing duties to enter private property in the public interest is a well established defense to a civil action for trespass. 75 Am.Jur.2d 79-81, Trespass, 103, 104. The plaintiffs cannot maintain an action for trespass.
The motion to strike is denied as to the first count but granted as to the second and third counts of the complaint.
Ganim, Ganim, Ganim Ganim for plaintiffs.
Danforth, Cleary Grenier for defendant.