[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Twenty-five individual unit owners of Silver Meadows Condominium are named with their homeowners' association as defendants in the nine count complaint filed in this case. The homeowners' association has answered the complaint; the unit owners have moved to strike seven of the nine counts. The plaintiff opposes the motion to strike.
The plaintiff, Green Trees Development, LLC ("Green Trees"), is the owner of the declarant and development rights for Silver Meadows Condominium ("Silver Meadows") located in the town of East Haven, Connecticut. Green Trees brought this action against the homeowners' association ("SMC") and the twenty-five unit owners ("unit owners") after a lis pendens was filed on the East Haven land records. In its complaint, Green Trees asserts claims for slander of title (count I), conspiracy to slander title (count II), interference with contract (count III), conspiracy to interfere with contract (count IV), interference with business relations (count V), conspiracy to interfere with contract (count VI), abuse of process (count VII), conspiracy to abuse process (count VIII), and violation of the federal Racketeer Influenced Corrupt Organizations Act ("RICO") (count IX). Before the court CT Page 12147 is the unit owners' motion to strike counts I, II, IV, VI, VII, VIII and IX.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citation omitted; internal quotation marks omitted.) Id., 588. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint. . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "The court must construe the facts in the complaint most favorably to the plaintiff."Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id.
The unit owners move to strike count I on the ground that it does not allege a false statement and/or facts that establish malice and therefore cannot support a cause of action for slander of title. Green Trees opposes the motion first by arguing that count I is pleaded against SMC, not against the unit owners, who have no standing to move to strike it. Green Trees also argues that it has sufficiently alleged "malice," inasmuch as "[t]he complaint alleges that the defendants' lis pendens was filed for the purpose of obstructing Plaintiff's ability to declare and sell units on the eve of Plaintiff closing a transaction rather than simply to give notice of a civil action." Memorandum of Law In Opposition To Motion To Strike, 6-7.
In count I, Green Trees alleges that "SMC and/or one or more of the Unit Owners caused a Notice of Lis Pendens to be filed on the East Haven Land Records." Complaint, Count I, ¶ 18. CT Page 12148 Clearly, there is no merit to Green Trees' contention that count I is pleaded against SMC exclusively. Including the unit owners in this allegation in Count I requires them to answer or otherwise respond. Practice Book § 10-46. Accordingly, the unit owners have standing to assert a motion to strike count I, as pleaded.
In support of its claim for slander of title, Green Trees alleges that it had constructed new units on a portion of Silver Meadows, it was planning to declare and sell these units, and it had signed a contract for the sale of one of these units. It further alleges that at the time it recorded the lis pendens, SMC knew about Green Trees' intention to declare and sell these units, and knew that it had signed a contract with a purchaser of one of the units. When Green Trees could not convey clear title, the buyer withdrew from the contract and Green Trees was allegedly damaged. Green Trees asserts that SMC's filing of the lis pendens constituted a knowing, deliberate and intentional slander of Green Trees' title.
"Slander of title is a tort whereby the title of land is disparaged by a letter, caveat, mortgage, lien, or some other written instrument." D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3rd Ed. 1991) § 167, p. 447. "Necessary ingredients" of a slander of title complaint are that a false statement was made with malice against the title of the property. Harvey Realty Co. v. Wallingford, 111 Conn. 352, 361,150 A. 60 (1930). It has been held in a slander of title action that "[t]he definition of the word `slander' requires that there be an `utterance of false charges or misrepresentations which defame and damage reputation.'" Battistelli v. Corso,30 Conn. Sup. 135, 143 (1973).
Count I does not contain any allegation that the filing of the lis pendens was false, malicious or otherwise improper. Nor does Green Trees allege anywhere in the complaint that the allegations in the lis pendens were false. Compare Opel v.Levesque, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 700872 (August 16, 1994) (Corradino, J.) (slander of title claim could not survive motion for summary judgment).
"Malice" also is a requirement for a slander of title action.Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36, 49-50,557 A.2d 1241 (1989). Contrary to what Green Trees argues in its CT Page 12149 memorandum of law, no inference of malice can be drawn from the allegations of the complaint, which as pleaded demonstrate only that SMC and/or the unit owners exercised a legal right to protect a property interest. See Toms v. Settipane,30 Conn. Sup. 374, 382 (1973) (no slander of title when inference of malice cannot be drawn from alleged conduct).
Green Trees' subsequent inability to convey clear title, resulting in the loss of a sale, cannot alone state a cause of action for slander of title. Battistelli v. Corso, supra,30 Conn. Sup. 143. The unit owners' motion to strike count I is therefore granted.
The unit owners move to strike counts II, IV, VI and VIII on the basis that these civil conspiracy claims are barred by the "intra corporate conspiracy doctrine," and because the complaint fails to allege necessary elements of a claim for civil conspiracy. Green Trees argues that the intra corporate conspiracy doctrine cannot be invoked in this case because "[t]here is no allegation in the complaint that the corporation [SMC] participated in the conspiracy, as its liability arises from its action as an agent and is addressed in separate counts." (Emphasis in original.) Memorandum In Opposition To Motion To Strike, pp. 4-5. Green Trees does not address the second prong of the unit owners' motion, that the complaint fails to allege the necessary elements of a claim for civil conspiracy.
Green Trees alleges in counts II, IV, VI and VIII that the unit owners knowingly, deliberately, and intentionally formed a conspiracy to commit the acts complained of in order to extort money from Green Trees in exchange for ceasing activities intended to interfere with Green Trees' business, and such conspiracy caused a lis pendens to be filed by SMC.
According to the Connecticut Supreme Court, the elements of "a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.Williams v. Maislen, 116 Conn. 433, 437, 165 A. 455 (1933)." (Internal quotation marks omitted.) Marshak v. Marshak,226 Conn. 652, 665, 628 A.2d 964 (1993). "Accurately speaking . . . there is no such thing as an action for civil conspiracy. The action is for damages caused by acts committed pursuant to a formed CT Page 12150 conspiracy rather than by the conspiracy itself. . . ." (Citations omitted.) Cole v. Associated Construction Co.,141 Conn. 49, 54, 103 A.2d 259 (1954). Stated another way, "[t]he gist of a civil action for conspiracy is not conspiracy as such, without more, but the damage caused by acts committed pursuant to the formed conspiracy. . . . There must be something done pursuant to the conspiracy which harms the plaintiff. . . . [A]ll conspirators are civilly liable for the damage resulting from any overt act committed by one of them pursuant to the combination." (Citations omitted.) Governors Grove Condominium Assn., Inc. v.Hill Development Corp. , 36 Conn. Sup. 144, 151-52 (1980) (Borden,J.). "The fourth element — the requirement of actual damage to the plaintiff — is the element that distinguishes civil conspiracy from criminal conspiracy. Compare General Statutes § 53a-48(a)." Lynn Talit v. Stephen Peterson,44 Conn. Sup. 490, 494 (1995).
Green Trees does not plead damages in any one of the four conspiracy counts. Instead, Green Trees merely alleges in counts II, IV, VI and VIII that the unit owners conspired with each other. Green Trees also admittedly excluded from its complaint any allegation that SMC participated in a conspiracy with the unit owners. Memorandum In Opposition To Motion To Strike, pp. 4-5. This is demonstrated in count II, where damages attributable to SMC's alleged slander of title in Count I, paragraph 22, are not claimed as part of the conspiracy action against the unit owners. The result is that Green Trees has not pleaded any facts to support the fourth element of a civil conspiracy claim.
"That the plaintiff has made an allegation as to conspiracy brings no strength to the declaration, for it shows no additional cause of action. . . ." (Citation omitted.) Marshak v. Marshak, supra, 226 Conn. 669; Connecticut National Bank v. EalahanElectric Co., Superior Court, judicial district of New London at New London, Docket No. 519422 (November 6, 1992) (Hendel, J.) (allegation of conspiracy without facts to support conspiracy claim cannot survive a motion to strike.) Because Green Trees omitted any reference to damages from its four civil conspiracy claims, the court concludes without further analysis that the allegations in counts II, IV, VI, and VIII fail to state claims for civil conspiracy. It is not necessary, therefore, to address the unit owners' contentions regarding the intra corporate conspiracy doctrine. The unit owners' motion to strike is therefore granted as to these four counts. CT Page 12151
The unit owners move to strike count VII on the ground that it fails to state a claim for abuse of process because it does not contain facts alleging that the unit owners used a legal process in an improper manner to accomplish a purpose for which it was not designed. Green Trees opposes the motion, arguing first that count VII is not asserted against the unit owners, who have no standing to move to strike it. Green Trees also contends that it has sufficiently pleaded a claim for abuse of process because "the primary motive of defendants in filing a lis pendens was to `run out the clock' on plaintiff's declarant rights, leaving him the choice of paying the tribute demanded by defendants or losing his investment upon expiration of his rights." Memorandum of Law In Opposition To Motion To Strike, p. 8.
In count VII, Green Trees incorporates paragraphs 1 through 21 of count I, including the allegation at paragraph 18 that "SMC and/or one or more of the unit owners caused a Notice of Lis Pendens to be filed on the East Haven Land Records." Complaint, Count I, ¶ 18. As found by the court earlier in this memorandum of decision, this averment clearly charges the unit owners with the very act that serves as the basis for Green Trees' complaint — responsibility for filing a lis pendens — to which charge the unit owners must respond. The unit owners therefore have standing to move to strike count VII, as pleaded.
To support its claim that process was abused, Green Trees states generally that "SMC's intention in filing its lis pendens was to interfere with [Green Trees'] ability to declare and sell units and thus extort money from [Green Trees] in exchange for a discontinuation of interference with [Green Tree's] business . . . [which use of process] was . . . for a purpose other than that for which it was intended, and [Green Trees] has been damaged thereby." Complaint, Count VII, ¶¶ 22 and 23. Green Trees in its memorandum of law has attempted to buttress these generalized allegations with additional facts; however, "[t]he court is limited to the facts alleged in the complaint in ruling on a motion to strike." Faulkner v. United TechnologiesCorp. , supra, 240 Conn. 580.
The circumstances giving rise to a cause of action for abuse of process are thoroughly discussed in Mazzochi v. Beck,204 Conn. 490, 529 A.2d 171 (1987). According to our Supreme Court, "[a]n action for abuse of process lies against any person using a legal process against another in an improper manner or to CT Page 12152 accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it was not designed. . . . Comment b to § 682 explains that the addition of `primarily' is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.)Mazzochi v. Beck, supra, 204 Conn. 494.
The Mazzochi court studied process abuse on an appeal from a motion to strike a complaint to recover damages from attorneys who allegedly pursued litigation despite their discovery that their client's claim lacked merit. Noting the competing interests involved in all litigation, the court observed that "[t]here is no bright line that clearly distinguishes between the ends ordinarily associated with litigation and the ulterior purpose that the tort of abuse of process is intended to sanction. Much turns on the specificity of the pleadings. . . ." (Citations omitted.) Mazzochi v. Beck, supra, 204 Conn. 496.
In this case, Green Trees fails to allege any specific facts, as required by Mazzochi, that the unit owners and/or SMC filed the lis pendens at issue for a primary purpose other than that which it is intended to accomplish. The complaint does not allege anywhere that the lis pendens falsely represented any fact to the public. Nor is it alleged that the lis pendens was filed improperly. An "ulterior motive to obtain an incidental benefit" may have been involved, but the Mazzochi court specifically decided that such a result is excluded from the definition of process abuse, when the process otherwise is used for the legal purpose intended. Mazzochi v. Beck, supra, 204 Conn. 494; LewisTruck and Trailer, Inc. v. Jandreau, 11 Conn App. 168, 170,526 A.2d 532 (1987). The unit owners' motion to strike count VII is therefore granted.
The unit owners next move to strike count IX, which seeks to assert a private right of action under the "federal Racketeer Influenced Corrupt Organizations Act [RICO], Public Law 9-452, as amended." Complaint, Count IX, ¶ 21. They contend that the ninth count should be stricken as a matter of law for failure to CT Page 12153 allege any acts affecting interstate or foreign commerce, failure to allege an enterprise separate and distinct from the defendants, failure to allege predicate acts under the terms of the statute, and failure to demonstrate a pattern of racketeering activity. Green Trees argues that it has sufficiently pleaded facts supporting the elements of a federal RICO claim.
The court notes that Green Trees does not identify by number either the RICO statute generally or the specific statutory sections on which it relies for recovery. Practice Book §10-3(a) provides that "[w]hen any claim made in a complaint . . . or other pleading is grounded on a statute, the statute shall be specifically identified by its number." The Appellate Court has held that "the requirement that the pleader specifically identify the statute on which he relies is directory, rather than mandatory. . . . The purpose of this rule is to promote the full and open disclosure of legal claims by identifying and narrowing the issues before the court. . . ." (Citations omitted.) Goodrichv. Diodato, 48 Conn. App. 436, 443, 710 A.2d 818 (1998). The unit owners have not raised Green Trees' failure to comply with Practice Book § 10-3(a); however, compliance is nonetheless required.
"To set forth a viable claim for damages under RICO, the plaintiff must properly allege that the defendants committed two or more predicate acts . . . constituting a pattern of racketeering activity . . . done in the conduct of the affairs of an enterprise." (Citations omitted; internal quotation marks omitted.) Celpaco, Inc. v. MD Papierfabriken, 686 F. Sup. 983, 987
(D.Conn. 1988). "The acts that constitute predicate acts of racketeering activity are enumerated in 18 U.S.C. § 1961."United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524,69 L.Ed.2d 246 (1981). "The list is exclusive." Harvey v. Harvey,931 F. Sup. 127, 130 (D.Conn. 1996).
Green Trees argues that it has properly pleaded "extortion" as a predicate act. "It is alleged in the complaint that defendants attempted to extort money from the plaintiff in exchange for ceasing . . . interference with his use of his declarant rights. Extortion is . . . a predicate act." Memorandum of Law In Opposition To Motion To Strike, p. 11. Admittedly, Green Trees has not pleaded at least two predicate acts of racketeering activity as required to maintain a private right of action under RICO. Metro Square LLC v. Pettingill, Superior Court, judicial district of Fairfield at Stamford, Docket No. 148987 (April 3, CT Page 12154 1997) (D'Andrea, J.). Because Green Trees has not alleged the necessary two predicate acts for a violation of RICO and it is unclear whether Green Trees can plead over to allege two such acts, the several other grounds raised by the unit owners' motion to strike count IX need not be addressed. City of Waterbury v.Santopietro, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 117006 (August 11, 1994) (Sylvester, J.). The unit owners' motion to strike count IX is granted.
For the reasons set forth above, the court grants the motion to strike counts I, II, IV, VI, VII, VIII and IX of the complaint.
Vertefeuille, J.