[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (£ 105)
First Count. Granted.
While it is difficult to discern precisely the cause of action pleaded it appears to be a cross between a.), an action to set aside a judgment lien because the underlying judgment was obtained without personal jurisdiction, and b.), a complaint for slander of title. Considering first alternative (b), the complaint fails to allege the elements essential to the tort of slander of title. Harvey Realty Co. v. Wallingford,111 Conn. 352, 361 (1930) and therefore is fatally defective in that respect. Alternative (a) does not exist as a cause of action for damages in tort independently of the remedy provided in G.S. §49-8 and § 49-51. The plaintiff has not sought to invoke the equitable power of the court to grant relief against enforcement of the judgment. Cavallo v. Derby Savings Bank, 188 Conn. 281,284 (1982). Instead, he seeks damages for the claimed tortious noncompliance with various sections of our rules of practice which govern service of process, service of pleadings and judgments of default. He has failed to offer nor is the court aware of any authority for the claim that damages in tort lie against one who fails to comply with these statutory requirements.
Second Count. Granted.
These allegations attempt to set up a cause of action under CT Page 3622 G.S. § 49-8 and § 49-51. Compliance with the explicit terms of §49-51 is such a strict requirement that it implicates the court's jurisdiction over the claim. Unless the complaint contains allegations which show that the plaintiff has complied with the terms of the statute the court has no jurisdiction to entertain the action. Guilford Yacht Club Association, Inc. v. NortheastDredging, Inc., 192 Conn. 10, 13 (1984). This count contains no such allegations.
Third Count. Granted.
The allegations which undergird this CUTPA claim are that the defendant violated the plaintiff's right to procedural due process. The simple answer to this claim is that these allegations are made not against a governmental body but rather against a private corporation which cannot commit an unconstitutional act. Owens v. New Britain General Hospital,229 Conn. 592 602 n. 24 (1994).
BY THE COURT,
Mottolese, Judge